UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHELSEA J. HELLER,

        Plaintiff,

  v.

Case No. 19-cv-1258-pp

SECURITY FINANCE CORPORATION OF WISCONSIN,

        Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER CASE TO GREEN BAY DIVISION (DKT. NO. 10)**

---

      The plaintiff filed this case, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, and the Wisconsin Consumer Act, Wis. Stat. §427 *et seq.* Dkt. No. 1. The defendant does not object to venue, but filed a motion to transfer the case to the Green Bay Division because the claims arose in Green Bay and the defendant's branch office that serviced the plaintiff's account is located in Green Bay. Dkt. No. 10. The plaintiff has not opposed the motion.

      The General Order Regarding Assignment of Cases to the United States District Judge Designated to Hold Court in Green Bay, Wisconsin requires that civil cases with the greatest nexus to one of the counties in the Green Bay division shall be assigned to the court in Green Bay. See General Order Regarding Assignment of Cases, http://www.wied.uscourts.gov. Identifying the division with the greatest nexus requires consideration of where the case arose

and the residence or principal place of business of each of the parties. Id. A party may object to division designated by the other party and may move for transfer to the case to a different division based on the convenience of the parties and witnesses or the interests of justice. Id.

The defendant asks for transfer to the Green Bay Division because the plaintiff resides in Brown County (2600 Red Oak Drive, Green Bay, Wisconsin) and has no connection to the counties in the Milwaukee division. Dkt. No. 10 at 2. The defendant sent a check with the loan agreement to the plaintiff's address on May 3, 2019. Dkt. Nos. 10 at 3; 11 at ¶5. The agreement required the plaintiff to mail payments to the defendant's Green Bay branch. Dkt. Nos. 10 at 3; 11 at ¶6. The plaintiff cashed the defendant's check on or about May 17, 2019. Dkt. Nos. 10 at 3; 11 at ¶7.

The defendant represents that its Green Bay branch managed all collection activity, regularly attempting to contact the plaintiff by phone and mail. Dkt. Nos. 10 at 3; 11 at ¶¶8, 9. Other than four calls made from the Western District of Wisconsin, all telephone calls to the plaintiff originated in the Green Bay division. Dkt. Nos. 10 at 4; 11 at ¶11. The witnesses are in the Green Bay division, and no party has a connection to the Milwaukee division. Id.

As noted, the plaintiff has not responded to the motion (the deadline for doing so would have been November 20), and the complaint does not identify any nexus with the Milwaukee Division. The plaintiff alleges at paragraph 17 of the complaint that the phone number most often used by the defendant was

2

(920) 405-9514, which is a Green Bay area code. Dkt. No. 1 at ¶17. The court concludes that the case has the greatest nexus to the Green Bay Division.

The court **SUSTAINS** the defendant's objection to division designation, and **GRANTS** the defendant's motion to transfer the case to the Green Bay division. Dkt. No. 10.

The court **ORDERS** the Clerk of Court to reassign this case to the Green Bay division.

Dated in Milwaukee, Wisconsin this 17th day of December, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**